106 N.J. Super. 401 (1969)
256 A.2d 61
EDWARD P. GALLAGHER, TRADING AS THE PUB, AND ANN GUNSIOROWSKI, PLAINTIFFS-RESPONDENTS,
v.
CITY OF BAYONNE, A MUNICIPAL CORPORATION, AND HUGH E. GREENAN, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF BAYONNE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1969.
Decided July 18, 1969.
Before Judges GAULKIN, COLLESTER and LABRECQUE.
*402 Mr. James P. Dugan argued the cause for appellants.
Mr. Patrick D. Conaghan argued the cause for respondents (Messrs. Russell & Conaghan, attorneys).
Mr. Stephen Skillman, Deputy Attorney General, filed a brief amicus curiae for Division of Alcoholic Beverage Control (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal by defendants City of Bayonne and its Director of Public Safety from a judgment of the Chancery Division declaring invalid a section of the alcoholic beverage control ordinance of that city which prohibited tavern owners from allowing women to stand or sit at a public bar or to be served alcoholic beverages unless seated at a table in the licensed premises. The State Division of Alcoholic Beverage Control (Division) has filed a brief with the court as amicus curiae.
The declaratory judgment action was brought by plaintiffs Edward P. Gallagher, a tavern owner, and Ann Gunsiorowski, a taxpayer of Bayonne. They claimed that the ordinance was invalid because it was not reasonably related to the police power and contravened the provisions of Art. I. par. 5 of the 1947 New Jersey Constitution. The case was heard on cross-motions for summary judgment. The Chancery Division judge, in an opinion reported at 102 N.J. Super. 77 (1968), held that the controversial section of the ordinance was invalid because it was unreasonable and violated the provisions against discrimination contained in the 1947 New Jersey Constitution and the Law against Discrimination (N.J.S.A. 18:25-4, now N.J.S.A. 10:5-4).
Defendants contend that the city can lawfully prohibit women from being served or congregating at a bar in premises licensed to sell alcoholic beverages. They allege *403 that the court erred in not following the law set forth in Eskridge v. Division of Alcoholic Beverage Control, 30 N.J. Super. 472 (App. Div. 1954) where this court, in obiter dictum, said that an ordinance which forbids the serving of liquor to women except when seated at tables did not violate the constitutional rights of either the licensee or the women. They claim that the court mistakenly concluded that One Eleven Wines and Liquors, Inc. v. Division of Alcoholic Beverage Control, 50 N.J. 329 (1967), when read together with N.J. Const. Art. I, par. 5, Art. X, par. 4, and N.J.S.A. 10:5-4, constituted a clear prohibition against discrimination in this area of civil rights based on sex. They say that the court misinterpreted the opinion in One Eleven Wines and Liquors, Inc. and that it did not overrule Eskridge. They further argue that the anti-discrimination statute is not applicable and that the ordinance is a reasonable regulation since it does not bar women from taverns but merely prohibits them from commingling at a bar where liquor is served.
The Division, as amicus curiae, takes no position with regard to the validity of the ordinance. However, it does not agree with the conclusions of law reached by the trial court. It alleges that (1) it is reasonable under some circumstances to adopt ordinances or regulations dealing with alcoholic beverage control which provide for differences in treatment based on sex, and (2) neither the State Constitution nor the Law Against Discrimination prohibits differentiation on the basis of sex in such legislation.
We find it unnecessary to pass on the arguments concerning the constitutionality of the ordinance or the relevance of the anti-discrimination statute to the issue confronting us because of our conclusion that the ordinance is invalid as an unreasonable exercise of the police power.
In One Eleven Wines and Liquors the Supreme Court held that the Division of Alcoholic Beverage Control was not justified in suspending or revoking licenses of tavern owners because apparent homosexuals were permitted to *404 congregate in the licensed premises. In so holding the court said:
"When in the 1930's the Department of Alcoholic Beverage Control first took its severe position, it acted on the assumption that the mere congregation of apparent homosexuals had to be outlawed to achieve effective control. It of course had no experience to support the assumption but it took the prohibitory course as the safer one for the then fledgling system. At the time, the interests of the patrons in question were given little consideration and were in any event overwhelmed by the then highly felt transitional need for sweeping restraint. Now, in the 1960's, the transitional need as such is long past and it is entirely appropriate that full sweep be given to current understandings and concepts. Under them it seems clear that, so long as the division can deal effectively with the matter through lesser regulations which do not impair the rights of well behaved apparent homosexuals to patronize and meet in licensed premises, it should do so. Such narrower course would be consonant with the settled and just principle that restrictions adopted in the exercise of police powers must be reasonable and not go beyond the public need. (Citations omitted.)
It must be borne in mind that the division has produced nothing to support any need for continuance of its flat prohibition. Nor has it produced anything to indicate that it could not readily prepare and enforce a fair and sensible regulation which, while permitting apparent homosexuals to assemble in and patronize licensed establishments, prohibits overtly indecent conduct and public displays of sexual desires manifestly offensive to currently acceptable standards of propriety. Such a regulation might well be adopted forthwith to the end that future proceedings would rightly be based on specific charges of improper conduct at the licensed premises rather than, as here, upon general charges of mere congregation which we deem to be unreasonable and legally unsupportable." (50 N.J., at pp. 341-342)
We believe that the rationale of One Eleven Wines and Liquors applies to the instant case. While during the early years of alcoholic beverage control legislation it may have been deemed prudent to limit the rights of women who patronized taverns, that time has long since passed. Today it is not uncommon for women to be served at bars in the most reputable of taverns. We were informed at oral argument that all but a small minority of the municipalities in this State permit women to be served at the bar. In these enlightened days of the 1960's the fact that women *405 congregate and are served at bars cannot be said to be a threat to the health, safety and welfare of the public.
The record in this case presents no facts indicating any necessity for such a regulation in the City of Bayonne. As the court said in One Eleven Wines and Liquors, it is a settled and just principle that restrictions adopted in the exercise of police powers must be reasonable and not go beyond the public need. (At p. 341). We hold that the restrictions imposed in the Bayonne ordinance are unreasonable and therefore invalid.
The judgment of the Chancery Division is affirmed.